(No. 2840—

CLARENCE VAUGHN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1938.*

K. C. RONALDS and CHAS. E. COMBS, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

For more than one year prior to August 26th, 1935 claimant was employed by respondent as a guard at the Illinois State Farm, a penal institution conducted by the respondent at Vandalia, Illinois. On the night of August 25th, 1935 claimant slept in the quarters provided by the respondent for its guards, who were called for duty shortly before five o'clock A. M.

Under the regulations in force at such State Farm, all guards, while on duty, are required to carry revolvers. About 4:55 A. M. on said 26th day of August, 1935, while claimant was getting dressed after the regular call for duty, his revolver slipped off the bed where he had temporarily placed the same, and struck the floor, whereby it was discharged, and a 32-caliber bullet therefrom struck the claimant on the right shin bone, causing a longitudinal fracture of the right tibia.

Claimant was taken to the Mark Greer Hospital at Vandalia, where he remained about three weeks, and was then removed to his home. He was treated at the time of the accident by Dr. Miller Greer who continued to treat him until the time of the hearing herein. X-ray pictures taken shortly after the accident disclosed that the main body of the bullet has passed through the leg; also that there were numerous lead scrapings along the bone;—which it was considered inadvisable to disturb. The leg continued to swell while in use, for a year after the accident, and claimant still walks with a limp. Claimant is thirty-five years of age, six feet tall, and weighs two hundred twenty-five pounds.

The only medical evidence in the case is to the effect that claimant has sustained a permanent loss of 50% of the use of his right leg.

The evidence in the record clearly shows that the operation of the institution at which claimant was employed is an extra-hazardous enterprise, within the meaning of those words as used in Section Three (3) of the Workmen's Compensation Act.

From the testimony in the record we find as follows:

That claimant and respondent were, on the 26th day of August, A. D. 1935, operating under the provisions of the Workmen's Compensation Act of this State; that on said date the claimant sustained accidental injuries which arose out of

and in the course of his employment; that notice of the accident was given to respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the average annual earnings of the claimant during the year preceding the injury in question were $1,188.00; and his average weekly wage was $22.85; that claimant at the time of the injury was a married man and had one child under the age of sixteen years; that the necessary first-aid, as well as all medical, surgical and hospital services have been provided by respondent; that claimant was totally disabled from the date of his injury as aforesaid to November 4th, 1935, to-wit, for a period of ten weeks; that claimant has sustained a permanent loss of fifty per cent of the use of his right leg, and has been paid the sum of One Hundred Seventy-three Dollars ($173.00) to apply on the compensation due him.

Claimant is therefore entitled to have and receive from the respondent the following sums, to-wit:

1. Twelve Dollars and Fifty-seven Cents ($12.57) per week for ten (10) weeks, that being the period of temporary total disability.

2. The further sum of $12.57 per week for ninety-five (95) weeks, to-wit, Eleven Hundred Ninety-four Dollars and Fifteen Cents ($1,194.15), for the permanent loss of fifty per cent (50%) of the use of his right leg, as provided by Section Eight (8), paragraphs E-15, E-17, and J-1 of the Workmen's Compensation Act;—all of which compensation has accrued at this time.

The total amount of compensation for temporary total disability and for specific loss as above set forth, is Thirteen Hundred Nineteen Dollars and Eighty-five Cents ($1,319.85). From this amount there must be deducted the sum of One Hundred Seventy-three Dollars ($173.00) which has heretofore been paid to the claimant as above set forth, leaving a balance due claimant of Eleven Hundred Forty-six Dollars and Eighty-five Cents ($1,146.85), which is payable at this time.

Award is therefore entered in favor of the claimant for the sum of Eleven Hundred Forty-six Dollars and Eighty-five Cents ($1,146.85).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Com-

pensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3d, 1937 (Session Laws of 1937, page 83), is, by the terms of such Act, subject to the approval of the Governor, and upon such approval, is payable from the General Fund, in the manner provided by such Act.